UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARREN J. SHERRY, Jr.
110 Round Train Road
West Seneca, NY 14218

        Plaintiff.

        v.

NORFOLK SOUTHERN RAILWAY CO.
1200 Peachtree Street NE
Atlanta, GA 30309

        Defendant.

CIVIL ACTION NO.

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, DARREN J. SHERRY, Jr., by and through his undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

1. Plaintiff, DARREN J. SHERRY, Jr., is an adult individual residing in West Seneca, NY

2. Defendant, Norfolk Southern Railway Co. ("NS"), is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the Western District of New York.

3. At all times material hereto and for some time prior thereto, plaintiff was in the employ of defendant as a Brakeman/Switchman in furtherance of the carriers' business of interstate commerce and transportation by railroad.

4. This action is brought against defendant pursuant to the Federal Employers' Liability Act, 45 United States Code §§51, et seq.

5. At all times material hereto and for some time prior thereto, defendant owned, controlled and/or maintained a railroad yard facility called the Bison Yard, in Cheektowaga, NY.

6. On or about May 6, 2019, at approximately 2:00 AM in the morning, plaintiff was employed by NS performing his duties as a Brakeman/Switchman in furtherance of the carrier's business of interstate commerce, at NS's Bison Yard facility, when, while walking on the north side of the yard lead and observing his surroundings, plaintiff was caused to fall into a hole in the ballast, injuring his lower back and right lower extremity.

7. Plaintiff's injuries were caused by defendant's failure to provide plaintiff with a reasonably safe place to work as required by the Federal Employers Liability Act, 45 U.S.C. §§51, et seq., (1908).

8. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects.

    (a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment;

    (b) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly maintain and

inspect the ballast, ground surface and/or footing conditions where the plaintiff was required to traverse in the course and scope of his employment;

(c) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to use safeguards in and around the defendant's Eastside Yard facility preventing a dangerous and/or hazardous condition;

(d) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the ballast, ground surface and/or footing conditions in a reasonable safe condition;

(e) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to relieve plaintiff from his aforesaid unsafe duties when defendant knew or should have known that exposure to unsafe and hazardous conditions created and/or placed plaintiff at risk of harm and/or injury;

(f) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with a reasonably safe means with which to access his work area;

(g) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with proper lighting conditions;

(h) failing to warn plaintiff of the reasonably dangerous conditions and/or hazardous condition of the work area;

(i)  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with proper footing conditions and/or environment;

(j)  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly maintain the aforesaid ballast in a condition free from the presence of dangerously uneven footing condition and/or ballast;

(k)  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly maintain the aforesaid ballast in a condition free from the prospect that someone walking along the track at that location would fall into an unmarked hole and/or as a result of an improper, dangerous and/or defective condition of the ballast;

(l)  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly train its employees and/or crews to maintain the aforesaid ballast, ground surface and/or footing conditions in a condition free from the presence of a dangerously hole and/or a dangerous uneven footing condition;

(m)  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(n) failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, including, but not limited to, the aforesaid hole and/or ballast, ground surface and/or footing conditions, which was made unsafe due to the presence of a dangerous condition;

(o) failing to remedy and/or correct the defective, dangerous, and/or hazardous conditions, as described above, when defendant knew or should have known that said conditions existed;

(p) failing to use ordinary care to service and/or maintain the subject ballast, ground surface and/or footing conditions in a reasonable safe condition;

(q) failing to use ordinary care to properly inspect the subject ballast, ground surface and/or footing conditions to ensure that same was in a reasonable safe condition;

(r) failing to use ordinary care to properly address complaints of improper, dangerous and/or defective lighting conditions at the aforesaid facility;

(s) failing to properly maintain the aforesaid lighting conditions, and remove the aforesaid improper, dangerous and/or defective conditions in a proper and timely manner;

(t) failing to use ordinary care to properly address complaints of improper, dangerous and/or defective ballast, ground surface and/or footing conditions at the aforesaid facility;

(u) failing to properly maintain the aforesaid ballast, ground surface and/or footing conditions, and remove the aforesaid improper, dangerous and/or defective conditions in a proper and timely manner;

(v) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to have a proper protocol in place for maintaining lighting conditions in a safe condition;

(w) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to have a proper protocol in place for maintaining ballast, ground surface and/or footing conditions in a safe condition;

(x) failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the safety of the workplace, particularly as it pertains to the existence and presence of such hazards;

(y) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions as more fully described above;

(z) failing to provide plaintiff with a reasonably safe place to perform his job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to plaintiff;

(aa) failing to maintain the subject ballast, ground surface and/or footing conditions so that same was free from the presence of a dangerous condition;

(bb) failing to maintain the subject lighting conditions so that same was free from the presence of a dangerous condition;

(cc) failing to properly supervise the area in question so as to furnish to the plaintiff a safe place to walk, free from hazards which should have been recognized by

           defendant as causing or likely to cause the serious physical harm to the plaintiff and others;

(dd)   failing to maintain the premises owned by defendant in good and safe condition for the plaintiff and others;

(ee)   failing otherwise to comply with the applicable laws and regulations of the State of New York and the applicable Federal law and regulations.

9.   As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of defendant, more fully described above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his lower back and right lower extremity, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

10.   As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of Defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

11.   As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of Defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

13. The injuries sustained by plaintiff were caused solely and proximately by the negligence of defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, demands judgment in his favor and against defendant, NS, in an amount for compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

Dated: September 31, 2021
      Geneva, New York

 

David D. Benz, Esquire
Cheney Law Firm, PLLC
105 Washington Street
P.O. Box 50
Geneva, NY 14456
Phone: (315) 230-4110
Fax: (315) 282-2575

## VERIFICATION

Darren J. Sherry, Jr., being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
DARREN J. SHERRY, Jr.

Sworn to and subscribed before me
this 24 day, of September, 2021

_____

DOMINICK PHILLIP CANZONERI
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01CA6371012
My Commission Expires 02/20/20__